MEMORANDUM OPINION




No. 04-03-00652-CR



Richard MAURICIO,


Appellant



v.



The STATE of Texas,


Appellee



From the 379th Judicial District Court, Bexar County, Texas


Trial Court No. 2002-CR-0810


Honorable Pat Priest, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Alma L. López, Chief Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: June 16, 2004


AFFIRMED

 Richard Mauricio appeals the trial court's denial of his motion to suppress on two grounds.
Finding no error, we affirm the trial court's judgment.


Factual and Procedural Background


 On September 21, 2002, Elias Luna was working as an assistant manager at a Walgreen's
store. Luna noticed Appellant Richard Mauricio standing at the pharmacy speaking with a pharmacy
technician. After Mauricio walked away from the pharmacy to the front of the store, a pharmacy
employee called Luna over and told him that Mauricio had tried to purchase a syringe. According to
the pharmacy employee, when Mauricio was told that syringes were not sold individually but by the
pack, Mauricio said that he did not have enough money. Luna then began to watch Mauricio as he
looked at some CDs. Luna thought that Mauricio was behaving strangely. Luna would look at the
CDs, then look at the front cashier, then look outside. He would walk toward the cashier, but when
another customer would approach, he would turn around and start looking at the CDs again. Luna
also noticed that Mauricio was moving his hands inside his shirt where Luna could not see them. Luna
thought Mauricio was probably going to hold up the cashier and that there was a probable theft in
progress. Because he was concerned about safety, he decided to call the police. Luna described
Mauricio's behavior to the police and requested that an officer escort Mauricio from the premises.
When Officers Moreno and Mandujano arrived, Luna pointed out Mauricio to them. According to
Luna, when the officers approached Mauricio, he seemed anxious, defensive, and aggressive. 

 Moreno also thought that as he approached, Mauricio seemed agitated and nervous. Mauricio
looked at Luna and asked why he had called the police. According to Moreno, Mauricio also seemed
to be a little disoriented and to have slurred speech as if he were under the influence of something.
At that point, Moreno conducted a pat down for two reasons: Mauricio was agitated and he had a
bulge in his pants that Moreno believed could be a weapon. Moreno found an illegal lock blade knife
in Mauricio's front pocket.

 Moreno removed the knife and arrested Mauricio by handcuffing him. He then conducted a
search incident to arrest and found what later was discovered to be cocaine and heroin in Mauricio's
pocket. Moreno took Mauricio out of the store and, upon checking for warrants, found he had three
outstanding warrants. Moreno then conducted a more thorough search and found a drug syringe
containing narcotics in Mauricio's sock.

 Mauricio testified that he was looking at the CDs when he noticed Luna watching him and
two police officers approaching him. He saw Luna point to him and then the two officers grabbed him
and handcuffed him. The officers searched his pockets and questioned him about trying to buy a
syringe and whether he had money to buy anything. The officers then found the knife and the
controlled substances.

 Mauricio was charged with possession of heroin, less than one gram. Because he had two
previous felony convictions, he was charged as a habitual criminal. Mauricio filed a motion to
suppress. After a hearing, the trial court stated on the record that Luna's complaint to the officers
justified the temporary detention of Mauricio. The trial court further stated that Mauricio's behavior
justified the pat down and that it was, in fact, a pat down, not a search, that revealed the knife. And,
once the officer found the illegal knife, he was authorized to arrest and search Mauricio. Therefore,
the trial court denied the motion to suppress. Mauricio then entered into a plea-bargain agreement
with the State. In accordance with that agreement, the trial court sentenced Mauricio to twenty years
confinement.


 Discussion

 In two issues on appeal, Mauricio contends that the trial court erred in denying his motion to
suppress evidence because: (1) no probable cause existed to support a warrantless arrest and search
and (2) no exigent circumstances existed to support a warrantless arrest and search. 

 We review the trial court's ruling on a motion to suppress for abuse of discretion. Guzman
v. State, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997). Under this standard, we afford almost total
deference to a trial court's determination of historical facts supported by the record, especially when
the findings are based on an evaluation of credibility and demeanor. Id. We afford the same amount
of deference to a trial court's ruling on "application of law to fact questions," also known as "mixed
questions of law and fact," if the resolution of those ultimate questions turns on an evaluation of
credibility and demeanor. Id. We, however, may review de novo "mixed questions of law and fact"
not falling within this category. Id.

 According to Mauricio, he was immediately arrested and searched by the police officers. The
State, by contrast, argues that the officers briefly detained Mauricio pursuant to Terry v. Ohio, 392
U.S. 1 (1968). In Terry v. Ohio, the United States Supreme Court held that a police officer may stop
and briefly detain a person for further investigation when the officer has reasonable suspicion that
crime may be afoot. 392 U.S. at 29. An officer making an investigatory stop need not have probable
cause to believe the suspect has engaged in criminal behavior, but the officer must have more than
a "hunch" that the suspect's conduct is indicative of criminal activity. Illinois v. Wardlow, 528 U.S.
119, 124 (2000). Under the Fourth Amendment, the minimum level of justification for an
investigatory stop is based on the officer being able to state objective facts that give rise to a
reasonable suspicion. See id. During a Terry stop, an officer must be able to reasonably surmise that
the detained suspect is connected to a crime based on the specific, articulable facts known to the
officer. Terry, 392 U.S. at 22; Balentine v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). The
reasonableness of an investigatory stop must be analyzed in view of the totality of the circumstantial
facts, which taken together with rational inferences from those facts, lead the officer to surmise that
the person in detention actually is, has been, or will "soon be engaged in criminal activity." Balentine,
71 S.W.3d at 769. 

 Terry also authorizes a pat-down search of a person for weapons when the officer is justified
in believing that the suspect may be armed and presently dangerous. Terry, 392 U.S. at 29-30. A
search that continues after the officer determines the suspect is not armed exceeds the permissible
bounds of Terry. Lippert v. State, 664 S.W.2d 712, 721 (Tex. Crim. App. 1984). Once an officer has
probable cause to arrest, however, he may conduct a search incident to that arrest. U.S. v. Robinson,
414 U.S. 218, 235 (1973). 

 The trial court chose to believe the State's witnesses rather than Mauricio in finding that the
officers conducted a justifiable detention and pat down. Mauricio's behavior, as described by Luna
and the officers, was anxious, defensive, aggressive, agitated, nervous, and disoriented. Further, his
speech was slurred. There was a bulge in his pants which Officer Moreno thought might be a weapon.
The totality of this evidence led the officers to reasonably suspect that Mauricio was connected with
criminal activity which in turn, justified a brief detention and pat down. Once the officers discovered
the illegal weapon, they were authorized to arrest Mauricio. They were then authorized to conduct
a search incident to arrest. See Robinson, 414 U.S. at 235. It was during this search that the
controlled substance was found. Under these circumstances, we cannot say the trial court abused his
discretion in denying the motion to suppress. We overrule Mauricio's two issues.

Conclusion


 Having overruled both issues, we affirm the judgment of the trial court. 


 Karen Angelini, Justice


Do not publish